# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 04 C 1273 | DATE | 6/21/2004 |
| CASE TITLE | MATWELD, INC. vs. PORTACO, INC. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Defendant's motion to transfer to the United States District Court for the District of Minnesota [23-1] is granted. ENTER MEMORANDUM OPINION AND ORDER.

*Suzanne B. Conlon*

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | JUN 23 2004 | |
| ✓ | Notices mailed by judge's staff. | | date docketed | 20 |
| | Notified counsel by telephone. | | docketing deputy initials | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | 6/21/04 | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| CB | courtroom deputy's initials | 2004 JUN 22 AM 8:52 | PW | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
JUN 2 3 2004

MATWELD, INC., )
)
Plaintiff, ) No. 04 C 1273
)
v. ) Suzanne B. Conlon, Judge
)
PORTACO, INC., )
)
Defendant. )

## MEMORANDUM OPINION AND ORDER

Matweld, a Kentucky corporation, sues Portaco, a corporation based in Moorhead, Minnesota for patent infringement in violation of 35 U.S.C. § 271 (Count I), and unfair competition under the Lanham Act, 15 U.S.C. § 1125(a). Portaco counterclaims for a declaration of non-infringement and invalidity. Portaco moves to transfer venue to the District of Minnesota pursuant to 28 U.S.C. § 1404(a).

## BACKGROUND

Matweld designs and manufactures rail grinding machines. It owns United States Letters Patent No. 6,663476 ('476 patent) for an invention entitled "Portable Multipurpose Rail Grinding Machine." The patent was issued on December 16, 2003, Application No. 10/118,820. Compl. Ex. A. The machine is used to grind field welds, switch points and frogs on train rails. *Id.* Portaco also manufactures railroad grinding machine technology. Matweld alleges two Portaco grinders infringe on the '476 patent: an adjustable (Item # GW-10-89-1) and a non-adjustable grinder (Item # GW-10-

1

89-0). Wilson Decl. ¶¶ 7-8. Portaco sold five non-adjustable grinders in Illinois and no adjustable grinders. *Id.*

## DISCUSSION

Portaco contends Matweld's lawsuit is tenuously related to the Northern District of Illinois. It asserts the convenience of the parties and the interests of justice favor transfer to the District of Minnesota because the vast majority of documentary evidence and witnesses reside in Minnesota. To prevail on a motion to transfer under § 1404(a), Portaco must demonstrate: (1) venue is proper in both Illinois and Minnesota; (2) transfer is for the convenience of the parties and witnesses; and (3) transfer is in the interests of justice. *Pasulka v. Sykes*, 131 F. Supp.2d 988, 994 (N.D. Ill. 2001), *quoting TruServ Corp. v. Neff*, 6 F. Supp.2d 790, 793 (N.D. Ill. 1998). Portaco has consented to the jurisdiction of this court, and the parties agree venue is proper both here and in the District of Minnesota. *See* Fed. R. Civ. P. 12(h)(1) (Portaco withdrew 12(b)(2) objection); *Milwaukee Concrete Studios, Ltd. v. Fjeld Manufacturing Co., Inc.*, 8 F.3d 441, 446 (7th Cir. 1993) (venue proper under 28 U.S.C. § 1400 wherever defendant is amenable to personal jurisdiction). Therefore, Portaco's motion turns on whether litigation in the District of Minnesota would be more convenient and in the interests of justice.

### 1. Convenience of the Parties

In determining the convenience of the parties and witnesses, the court considers: (1) the plaintiff's choice of forum; (2) the site of material events; (3) the availability of evidence in each forum; and (4) the convenience to the witnesses and parties of litigating in the respective forums. *Confederation Des Brasseries de Belgique v. Coors Brewing Co.*, No. 99 C 7526, 2000 WL 88847, at *3 (N.D. Ill. Jan. 20, 2000). Portaco, as the moving party, bears the burden of showing that the

2

District of Minnesota is clearly more convenient than the Northern District of Illinois. *Source Services Corp. v. Technisource, Inc.*, No. 95 C 1420, 1995 WL 493499, at *2 (N.D. Ill. Aug. 9, 1995). Venue should be transferred only if there is a clear balance of inconvenience in the transferor district over the transferee district. *Tsaparikos v. Ford Motor Co.*, No. 02 C 6899, 2002 WL 31844949 (N.D. Ill. Dec. 18, 2002).

A plaintiff's choice of forum is generally given substantial weight under § 1404(a). *Vandeveld v. Christoph*, 877 F. Supp. 1160, 1167 (N.D. Ill. 1995). However, because the Northern District of Illinois is not Matweld's resident forum, Matweld's choice warrants less deference. *Pinpoint, Inc. v. Amazon.com*, No. 03 C 4954, 2003 WL 22175514, at *2 (N.D. Ill. Sept. 19, 2003). Indeed, Matweld does not claim it has an office or a continuing business presence in Chicago. *See id.* at *3. Accordingly, Matweld's forum preference does not predominate and is only one of many factors the court considers. *Id.*

Portaco contends transfer is proper because most of the material events giving rise to Matweld's claims occurred in Minnesota where the allegedly infringing grinders were designed. Portaco has sold no more than five purportedly infringing items in Illinois, and in southern Illinois at that. Matweld responds that Portaco's assertion of limited sales is supported by adequate proof, and that Portaco's sale of grinders constitutes infringement giving rise to the suit. However, intellectual property suits generally focus on the activities of the alleged infringer, its employees, and its documents. *Wen Products, Inc. v. Master Leather, Inc.*, 899 F. Supp. 384, 386 (N.D. Ill. 1995); *Habitat Wallpaper and Blinds, Inc. v. K.T. Scott Ltd. Partnership*, 807 F. Supp 470, 474 (N.D. Ill. 1992). Portaco's research, development and manufacturing centers are located in Minnesota. These factors strongly favor transfer because documents and witnesses regarding Portaco's activities are

3

factual elements central to Matweld's patent and copyright claims. *Habitat Wallpaper and Blinds*, 807 F. Supp. at 474; *cf. Pinpoint*, 2003 WL 22175514 at *2 (where scope of sales and infringing activity was nationwide, location of defendant's business given minimal consideration); *see also Milwaukee Concrete Studios*, 8 F.3d at 446 (patent and copyright venue statute favors litigation where defendant resides or has a regular and established place of business). Matweld argues the benefits gained by litigating the '476 patent in Minnesota are insignificant because the documentary evidence may be shipped and depositions may substitute for oral testimony. *See Hanely v. Omarc, Inc.*, 6 F. Supp.2d 770, 775 (N.D. Ill. 1998). However, virtually all the acts underlying Portaco's alleged infringement of the '476 patent took place in Moorhead – including the design and manufacture of the rail grinders. Both the location of material events and ease of access to proof favor transfer to Minnesota. *See Sitrick v. Dreamworks, L.L.C.*, No. 02 C 8403, 2003 WL 211478898, at *3-4 (N.D. Ill. May 14, 2003).

The court must also consider witness convenience in determining whether transfer is appropriate. In this case, witness convenience slightly favors transfer. Portaco identifies eight employee-witnesses who will be called to testify about its development, manufacture and sale of rail grinders. Wilson Decl. at ¶19. While the location of employee witnesses is generally afforded little weight in the convenience analysis, their location is important in an intellectual property infringement case. *Compare Pinpoint*, 2003 WL 22175514 at *2 (employee witnesses given no deference), *with Habitat Wallpaper and Blinds*, 807 F. Supp. at 474. Employee conduct and testimony is critical to determine whether Portaco violated the '476 patent. Litigating the matter in Chicago would require Portaco employees to travel more than 500 miles. Wilson Decl. ¶¶ 15-20. In contrast, Matweld fails to identify the number or import of its potential employee witnesses, who

are located in Paducah, Kentucky. Nor does Matweld explain why litigation in Chicago would be less burdensome in light of the fact that Matweld's employees would travel substantial distances in either case. Accordingly, the proximity of employee-witnesses to the District of Minnesota favors transfer. *Habitat Wallpaper and Blinds*, 807 F. Supp. at 474.

The convenience of third-party witnesses also favors litigation in Minnesota. Three third-party witnesses live in North Dakota. Two of the witnesses, Ron Grotham and Ron Nerby, live just over the border in Fargo, North Dakota, less than 60 miles away from the United States District Courthouse in Fergus Falls, Minnesota. The United States District Court in Minneapolis is 239 miles away. This is considerably more convenient than traveling over 600 miles from Fargo to Chicago. Matweld fails to identify any third-party witnesses who would be convenienced by testifying in Chicago.[1] Although the ease of modern travel significantly reduces burdens imposed by distance, litigation in Minnesota would facilitate necessary third-party testimony.

Finally, the court must consider the convenience of the parties. *Pinpoint*, 2003 WL 22175514 at *3. The parties' respective residences and the costs associated with litigating in a particular forum are relevant factors. *Id.* Transfer is inappropriate if it would merely shift costs from one party to another. *Avesta Sheffield v. Olympic Continental Resources, L.L.C.*, No. 99 C 7647, 2000 WL 198462, at *7 (N.D. Ill. Feb. 14, 2000). Matweld argues that Chicago is a superior forum because its patent attorney is located here, and that it has a long-standing relationship with a third-

---

[1] Alex Hellkamp's declaration suggests an unnamed employee of Matweld's Chicago-based manufacturer may testify. Pl's Ex. A. at ¶9. Portaco counters with an indefinite assertion that a third-party witness named "Adam" at Power Systems, Inc. in Minneapolis must testify. Wilson Decl. at ¶20. The convenience of a potential witness is outweighed by the significant burdens Portaco's North Dakota witnesses would shoulder if the litigation were located in Chicago.

5

party manufacturer in the Chicagoland area. However, Matweld's relationship with its Chicago attorney, without more, cannot defeat transfer. Matweld fails to identify any witness, document, or physical evidence located in Chicago. Indeed, evidence in Matweld's possession is located in Kentucky. Whether the matter is litigated in Minnesota or Chicago, Matweld's attorney will be required to travel to conduct discovery and to ship documents. *Cf. Pinpoint*, 2003 WL 22175514 at *3 (transfer inappropriate where plaintiff maintained both Chicago office and Chicago attorney). Although Matweld may incur additional expense litigating the matter in Minnesota, this inconvenience is outweighed by the significant efficiencies gained by transfer.

## 2.    Interests of Justice

Finally, the court must consider whether transfer is in the interest of justice. The interest of justice analysis focuses on efficient functioning of the courts, rather than the private interests of the litigants. *TIG Ins. Co. v. Brightly Galvanized Products, Inc.*, 911 F. Supp. 344, 346 (N.D. Ill. 1996). In determining the interest of justice, the court considers traditional notions of judicial economy, such as (1) relations of the community to the issues; (2) ensuring a speedy trial; and (3) the respective court's familiarity with the applicable law. *Avesta Sheffield*, 2000 WL 198462, at *7. Although both districts are equally capable of applying federal law, this litigation does not arise out of events occurring in the Northern District of Illinois, nor are the parties Illinois residents. This case has no discernible relationship with Illinois public policy interests. Litigation in the District of Minnesota would enhance the availability of oral testimony and is more convenient for third-party witnesses. Furthermore, injunctive and monetary relief against Portaco, if granted, would require enforcement in Minnesota. *See Habitat Wallpaper and Blinds*, 807 F. Supp. at 475.

Matweld argues the District of Minnesota is an inferior forum because it would delay resolution of the case. This court has placed the case on the January 2005 trial calendar. A review of case management statistics suggests the case may conclude up to 13 months earlier if it proceeds to trial in this court. Judicial Caseload Profile at *http:/www.mnd.uscourts.gov/statistics/JudicialCaseloadProfileReport2003.htm*. Although proceeding in the Northern District of Illinois may speed resolution of the parties' dispute, transferring venue to Minnesota would afford convenience to Portaco, the witnesses and the court, without placing undue burden on Matweld. Therefore, the requested transfer is in the interest of justice and judicial economy.

## CONCLUSION

Portaco's motion to transfer this case to the United States District Court for the District of Minnesota is granted.

June 21, 2004

ENTER:

Suzanne B. Conlon
United States District Judge